NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2799
_____

UNITED STATES OF AMERICA

v.

ISIDRO AGUILAR-MENDOZA,
a/k/a ARTURO ROMERO-BOBADILLA,
Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1:17-CR-00069-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
March 12, 2018

Before: JORDAN, KRAUSE, and GREENBERG, *Circuit Judges*

(Opinion filed: March 21, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge.*

Appellant Isidro Aguilar-Mendoza challenges his twelve-month sentence of imprisonment for illegal reentry, arguing that it was both procedurally incorrect and substantively unreasonable. For the reasons that follow, we will affirm.

## I.      Background

Aguilar-Mendoza was stopped by Pennsylvania police in February 2017 and subsequently detained by immigration authorities. In July 2017, Aguilar-Mendoza, a native and citizen of Mexico, pleaded guilty to a one-count indictment that charged him with illegal reentry, in violation of 8 U.S.C. § 1326(a). This was Aguilar-Mendoza's second illegal reentry conviction, although it is undisputed that he has entered the United States illicitly and been removed at least five times, oftentimes under different aliases.

The Presentence Investigation Report ("PSR") calculated a sentencing Guidelines range of eight to fourteen months to which Aguilar-Mendoza did not object. At his sentencing hearing, however, Aguilar-Mendoza requested a downward variance to time served, explaining that he intended to return immediately to Mexico with his family because his daughter was in poor health due to her Down syndrome. The District Court ultimately imposed a within-Guidelines sentence of twelve months' imprisonment based on Aguilar-Mendoza's high rate of recidivism and the need to deter further illegal reentry.

This appeal followed.

## II.    Discussion[1]

On appeal, Aguilar-Mendoza argues his sentence was both procedurally and substantively unreasonable based on essentially the same allegation: that in denying his request for a downward variance, the District Court failed to adequately consider the relevant 18 U.S.C. § 3553 factors,[2] first by ignoring that he intended to immediately return to Mexico on account of his daughter's poor health, and second by overstating his number of illegal reentries as "extremely high," App. 30.  Upon review, however, these contentions are not supported by the record.

In reviewing for procedural error, we assess whether the District Court meaningfully considered the defendant's variance arguments as required by § 3553(a), *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011), with the understanding that "[t]he district court need not make explicit findings as to each . . . factor[]," *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010) (internal quotation marks and citation omitted).  Here, however, the District Court did explicitly consider the relevant factors, including Aguilar-Mendoza's asserted family responsibilities, when it noted that while "the Court first intended to give the maximum 14 months, . . . after consideration of other factors, concerning particularly his family situation, the Court believes that a sentence in

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

[2] The § 3553 factors include, in pertinent part, "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a).

the medium range would be sufficient to hopefully deter this person from future illegal reentries." App. 30. Aguilar-Mendoza thus fails to demonstrate procedural error.

In reviewing for substantive reasonableness, we start from the premise that "[s]entences that fall within the applicable Guidelines range are more likely to be reasonable than those that do not," *United States v. Fountain*, 792 F.3d 310, 322 (3d Cir. 2015), and we "will affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided," *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Here, again, the District Court's imposition of a twelve-month sentence, in the middle of the Guidelines range, was not substantively unreasonable given the District Court's finding that "the record of the number of re-entries is extremely high" and that Aguilar-Mendoza did not seem "deter[red ] . . . from . . . constant entry into this country." App. 30. While Aguilar-Mendoza was only arrested for illegal reentry once before, it is undisputed that he was removed from the United States repeatedly, sometimes voluntarily without arrest, under his own name as well as under different aliases. Thus, the District Court merely "determine[d] the appropriate sentence in light of the particular circumstances of the case," *Tomko*, 562 F.3d at 561 (citation omitted), and Aguilar-Mendoza cannot show his Guidelines sentence was substantively unreasonable.

## IV. Conclusion

For the foregoing reasons, we will affirm the sentence imposed by the District Court.

4